Robert S. Green, (SBN 136183)
James Robert Noblin (SBN 114442)
**GREEN & NOBLIN, P.C.**
2200 Larkspur Landing Circle, Suite 101
Larkspur, CA 94939
Telephone:  (415) 477-6700
Facsimile:  (415) 477-6710
Email:  gnecf@classcounsel.com

Kenneth G. Gilman, Fla. Bar No. 340758
**GILMAN LAW LLP**
8951 Bonita Beach Rd, S.E., Suite 525
Bonita Springs, FL 34135
Telephone:  (239)221-8301
Facsimile:  (239)790-5150
Email:  kgilman@gilmanlawllp.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOHREH FARHANG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MACY'S, INC.,<br>MACY'S WEST STORES, INC. and<br>BLOOMINGDALE'S, INC.,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>COMPLAINT FOR:<br><br>1. Unfair Business Practices<br>2. Fraudulent Business Practices;<br>3. Unlawful Business Practices; and<br>4. False Advertising; |

COMPLAINT

Plaintiff ZOHREH FARHANG ("Plaintiff"), on behalf of herself and all others similarly situated, alleges the following based upon personal knowledge as to allegations regarding himself and on information and belief and the investigation of counsel, as to all other allegations:

**I.     INTRODUCTION**

1.     This is a class action seeking monetary damages, restitution, injunctive and declaratory relief from Defendants Macy's, Inc. and Macy's West Stores, Inc. (collectively "Macy's") and its wholly-owned division, Bloomingdale's, Inc. ("Bloomingdale's") arising from their deceptive and misleading labeling and marketing of merchandise they sell at their retail stores, including outlet stores, in California and throughout the United States.

2.     During the Class Period (defined below), Defendants (hereinafter "Macy's" or "Defendants") misrepresented the nature and amount of price discounts on products sold in their regular and outlet stores (the "Stores") by purporting to offer steep discounts off of fabricated, arbitrary, and false former or purported original, regular or "compare at" prices.

3.     Specifically, Defendants represented on the price tags of their products, both those sold under the Macy's or Bloomingdale's labels and those manufactured by other designers or companies sold in Macy's and Bloomindale's stores, prices that were artificially inflated and arbitrary and did not represent a bona fide price at which they previously sold such products or the prevailing market price for such items.  Defendants then offered, on the same sales labels or tags or on signs above the merchandise, to sell the items for a reduced or discounted sale price, which supposedly represented a significant discount off of the false original, regular or compare at price. In some instances, they represented that the listed or original price was two or more times the manufacturer's suggested retail price ("MSRP"), and then offered the item at a purported 50% or more discount price which was in fact the original MSRP.

4.     However, the original, regular or compare at prices utilized by Defendants, which represented to consumers the purported former price of Defendants' products,

COMPLAINT

whether manufactured under their label or the label of other designers or companies, were a sham. In fact, such items were not generally sold at the "original" or "compare at" price listed on their labels, or at least not a substantial number of such items, including not within 90 days of the advertised or represented original or compare at price. The original, regular or compare at price listed on Defendants' products were and are prices chosen by Defendants to enable them to engage in their phantom markdown scheme.

5.    The Federal Trade Commission ("FTC") has described the fictitious pricing scheme such as that employed at Defendants' stores as deceptive:

(a) Many members of the purchasing public believe that a manufacturer's list price, or suggested retail price, is the price at which an article is generally sold. Therefore, if a reduction from this price is advertised, many people will believe that they are being offered a genuine bargain. To the extent that list or suggested retail prices do not in fact correspond to prices at which a substantial number of sales of the article in question are made, the advertisement of a reduction may mislead the consumer.

(i) It bears repeating that the manufacturer, distributor or retailer must in every case act honestly and in good faith in advertising a list price, and not with the intention of establishing a basis, or creating an instrumentality, for a deceptive comparison in any local or other trade area. For instance, a manufacturer may not affix price tickets containing inflated prices as an accommodation to particular retailers who intend to use such prices as the basis for advertising fictitious price reductions.

16 C.F.R. § 233.3 (emphasis added).

6.    Macy's pricing scheme was effectuated in several systemic ways, as reflected on the following tags and signs prominently displayed for products available for sale at its stores.

7.    Thousands of Defendants' consumers, including Plaintiff, were victims of Defendants' deceptive, misleading and unlawful false pricing scheme, which deception will continue if Defendants are not enjoined from continuing to effectuate their pricing scheme.

8.    Defendants fraudulently concealed from, and intentionally failed to disclose to, Plaintiff and Class members, the true facts about its product prices and advertised price discounts from those purported original, regular or compare at prices. Defendants' false representations of

COMPLAINT

prices and false representations of purported savings, discounts and bargains are objectively material to a reasonable consumer.

9.     Plaintiff relied upon such false representations of original or regular prices and discounts when purchasing merchandise from Macy's Stores, including in Los Angeles, California. Plaintiff would not have made such a purchase, or would not have paid the amount she did, but for the false representations of the original or regular price of the item purchased, as compared with the supposedly discounted or sale price at which Plaintiff's purchased the item.

10.     Plaintiff believed the truth of the price tags attached to the product purchased at Defendants' Stores, which expressly represented that Plaintiff was getting a substantial discount and thus a significant bargain on his purchase. In fact, she was not getting the represented bargain.  Plaintiff would not have purchased the item but for the discounted pricing represented by Defendants.

11.     Through their false and deceptive marketing, advertising and pricing scheme, Defendants violated and continue to violate laws prohibiting advertising goods for sale as discounted from former prices which are false, and prohibiting misleading statements about the existence and amount of price reductions.

12.     Plaintiff, individually, and on behalf of all others similarly situated, seeks restitution and other equitable remedies, including injunctive relief.

## II.     PARTIES

13.     Plaintiff Zohreh Farhang is an individual who is a resident of California. In reliance on Macy's false and deceptive advertising, marketing and pricing schemes, Ms. Farhang purchased an area rug at a Macy's store in Century City, California.

14.     Defendant Macy's, Inc., is a Delaware corporation with its principal place of business in Cincinnati, Ohio.

15.     Defendant Macy's West Stores, Inc., is an Ohio corporation with its principal place of business in Cincinnati, Ohio.

16.     Defendant Macy's operates 900 stores in 45 states under names including Macy's, Bloomingdales' and Bloomindale's Outlets, with approximately 132 stores in California.

COMPLAINT

17.     Defendant Bloomingdale's is a wholly-owned subsidiary of Macy's, Inc. and a division of Macy's with its principal place of business in New York, New York.  Defendant Bloomingdale's, at the direction and control of Defendant Macy's, operates 45 Bloomingdale's stores throughout the U.S (the "Bloomingdale's Stores"), including 13 Bloomingdale's Outlet stores (the "Bloomingdale's Outlets").

18.     At all times material, Macy's has sold in its Stores men's, women's and children's apparel, accessories and home furnishings.  Macy's has engaged in a program of deceptive marketing, sales and pricing practices throughout its Stores including in its Macy's, division, Bloomingdale's.

## III.   JURISDICTION AND VENUE

19.     This Court has original jurisdiction of this action under the Class Action Fairness Act of 2005. Pursuant to 28 U.S.C. §§ 1332(d)(2) and (6), this Court has original jurisdiction because the aggregate claims of the members of the putative Class exceed $5 million, exclusive of costs, and at least one of the members of the proposed Class, Plaintiff, is a citizen of a different state than each Defendant.

20.     The Northern District of California has personal jurisdiction over Defendants Macy's and Bloomingdale's because they are authorized or registered to do business and operate stores in this District where Defendants employed the sale tactics detailed herein.

21.     Venue is proper in this District pursuant to 28 U.S.C. § 1391, because Defendants operate many stores and thus transact substantial business within this District.

## IV.   ADDITIONAL SUBSTANTIVE ALLEGATIONS

22.     On January 22, 2016, Plaintiff Farhang entered a Macy's store to look for an area rug. She saw merchandise advertised with price tags that represented an original price next to a significantly reduced sale price. Enticed by the idea of paying significantly less than the original prices charged by Macy's, Plaintiff was induced to purchase an area rug with a reported $ 12,000 original price.  She paid $3,825, plus tax for the rug (a total of $4,169.25).

23.     By purchasing the area rug at significantly less than the purported original price Plaintiff was led to believe that she saved over $8,000, or 75% of the purported "original price."

4

COMPLAINT

In reality, Macy's did not sell the area rug at the represented original price, or at least not substantial sales of the item at the represented price and $12,000 was not the prevailing price of that item in the 90 days prior to January 22, 2016.  Plaintiff Zohreh Farhang was deceived by the false price comparison into making her purchase.

24.     Two days after she purchased the rug from Macy's, Plaintiff took the rug to a rug store where she learned that the actual retail market value of the rug was approximately $700 to $800, rather than the $12,000 represented by Macy's.  But for Macy's misrepresentations about the pricing of the rug, Plaintiff would not have purchased it.  Plaintiff contacted Macy's through its website and by bringing the rug back to the store for a refund, but was rebuffed or ignored in each instance.  Plaintiff purchased the item using her American Express card and is now obligated to pay American Express the full amount of the purchase price and tax.  Plaintiff disputed the charge through the American Express system, and Macy's rejected the dispute demanding that Plaintiff pay the full amount.  Plaintiff appealed through the American Express system and is presently waiting for a final decision on her dispute.

25.     The reliance of Plaintiff and Class members on Defendants' false price comparison advertising was reasonable. Marketing studies have noted that retailers are incentivized to engage in this false and fraudulent behavior:

> Comparative price advertising offers consumers a basis for comparing the relative value of the product offering by suggesting a monetary worth of the product and any potential savings…[A] comparative price advertisement can be construed as deceptive if it makes any representation,… or involves any practice that may materially mislead a reasonable consumer.

> By creating an impression of savings, the presence of a higher reference price enhances subjects' perceived value and willingness to buy the product…Thus, if the reference price is not truthful, a consumer may be encouraged to purchase as a result of a false sense of value.

*Comparative Price Advertising: Informative or Deceptive?,* Dhruv Grewal and Larry D. Compeau, *Journal of Public Policy & Marketing* , Vol. 11, No. 1, at 52, 55-56 (Spring 1992).

26.     Despite the pricing scheme utilized by Defendants, Plaintiff would purchase Defendants' products in the future from Defendants' Stores and/or other retail establishments, if

COMPLAINT

product labels accurately reflect original or compare at prices and discounts. Currently, however, Plaintiff and other consumers have no realistic way to know which—if any—of Defendants' label price comparisons are not false or deceptive. If the Court were to issue an injunction ordering Defendants' to comply with comparative price  advertising laws, and prohibiting  use of the deceptive practices discussed herein, Plaintiff would likely shop for Defendants' products again in the near future at Defendants' Stores.

## CLASS ALLEGATIONS

27.     Plaintiff brings this action on behalf of himself and the members of the proposed Class under Rule 23(b)(2) of the Federal Rules of Civil Procedure. The proposed Class consists of the following:

> All individuals residing in California who, within the Class Period, purchased products from one of Defendants' Stores where the price paid was at a sale or discount to the original, regular or compare at price listed on the tag for that item and such individuals have not received a refund or credit for such purchases ("California Class"); and

28.     Excluded from the Class are Defendants, their parents, subsidiaries, affiliates, officers and directors, any entity in which Defendants have a controlling interest, and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

29.     The members of the Class are so numerous that joinder is impractical. The Class consists of thousands of members, the precise number which is within the knowledge of and can be ascertained only by resort to Defendants' records.

30.     There are numerous questions of law and fact common to the Class which predominates over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

> (a) Whether, during the Class Period, Defendants used false price representations and falsely advertised price discounts on their merchandise sold at Defendants' stores;
>
> (b) Whether Defendants' use of false or deceptive price advertising constituted false advertising under California law;

COMPLAINT

(c) Whether Defendants engaged in deceptive, unfair, unlawful and/or fraudulent business practices under California law;

(d) Whether Defendants misrepresented and/or failed to disclose material facts about their product pricing and discounts;

(e) Whether Defendants have made false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions;

(f) Whether Class members are entitled to restitution, and in what amount; and

(g) Whether Defendants are likely to continue using false, misleading or illegal price comparisons such that an injunction is necessary.

31.     Plaintiff's claim is typical of the claims of the members of the Class and, like all members of the Class, purchased goods from one of Defendants' Stores that falsely conveyed an original or compare at price and a fictitious discount. Accordingly, Plaintiff has no interests antagonistic to the interests of any other member of the Class.

32.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and retained counsel experienced in prosecuting class actions. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

33.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendants' wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

34.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendants. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

COMPLAINT

35.     The conduct of Defendants is generally applicable to the Class as a whole and Plaintiff seeks, equitable remedies with respect to the Class as a whole. As such, the systematic policies and practices of Defendants make declaratory or equitable relief with respect to the Class as a whole appropriate.

**COUNT I**
***Unfair Business Practices***
(California Business & Professions Code § 17200 *et seq.*
*Unfair Competition Law ("UCL"))*

36.     Plaintiff incorporates and realleges by reference each and every allegation above as if set forth herein in full.

37.     The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. & Prof. Code §17200.

38.     Advertising or promotional practices are unlawful under the UCL if a reasonable consumer is likely to be deceived by them.

39.     Defendants violated the "unfair" prong of the UCL by representing false, deceptive, or misleading original, regular or comparative prices and corresponding price discounts or savings for merchandise where Defendants, inflated or fabricated the purported original, regular or compare at prices for such products, and failed to disclose to consumers that such original, regular or compare at prices were inflated or fabricated, such that the promised discount or saving was false, misleading or deceptive.

40.     These acts and practices were unfair because they caused Plaintiff, and were likely to cause reasonable consumers, to falsely believe that Defendants are, and have throughout the Class Period been, offering value, discounts or bargains from the price, value or worth of the products sold that did not, in fact, exist.  As a result, purchasers, including Plaintiff, reasonably perceived that they were receiving products that regularly sold in the retail marketplace at substantially higher prices (and were, therefore, worth more) than what they paid.  This perception has induced reasonable purchasers, including Plaintiff, to buy such products, which she otherwise would not have purchased.

8

COMPLAINT

41.     Plaintiff and all other California Class Members are likely to be deceived by Defendants' use of the original, regular or compare at price on the price tags of merchandise at Stores in California.

42.     In deciding to purchase merchandise at Defendants' stores, Plaintiff relied on Defendants' misleading and deceptive representations regarding original or regular prices.  These prices placed by Defendants on the price tags of merchandise at their California stores played a substantial role in Plaintiff's decisions to purchase the products she purchased from Defendants, and Plaintiff would not have purchased those items in the absence of Defendants' misrepresentations.

43.     The gravity of the harm to California Class Members resulting from these unfair acts and practices outweighs any conceivable reasons, justifications or motives of Defendants for engaging in such deceptive acts and practices.  By committing the acts and practices alleged above, Defendants engaged in unfair business practices within the meaning of the California UCL.

44.     Through their unfair acts and practices, Defendants improperly obtained money from Plaintiff and all other California Class Members.  As such, Plaintiff requests that this Court cause Defendants to restore this money to Plaintiff and all California Class Members, and to enjoin Defendants from continuing to violate the UCL as discussed herein and from violating the UCL in the future.  Otherwise, Plaintiff, the California Class described herein, and members of the general public may be irreparably harmed or denied an effective and complete remedy if such an order is not granted.

COMPLAINT

## COUNT II
### *Fraudulent Business Practices*
(California Business & Professions Code § 17200 *et seq.*)

45.     Plaintiff incorporates and realleges by reference each and every allegation above as if fully set forth herein.

46.     A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

47.     Defendants' false prices, including their original, regular or compare at prices placed on the price tags of the products sold in their California stores, were "fraudulent" within the meaning of the UCL because they deceived Plaintiff, and were likely to deceive reasonable consumers and Class Members, into believing that Defendants were offering value, discounts or bargains from the prevailing market price. As a result, purchasers, including Plaintiff, reasonably perceived that they were receiving products that regularly sold in those stores or the retail marketplace at substantially higher prices (and were, therefore, worth more) than what they paid. This perception induced reasonable purchasers, including Plaintiff, to buy such products from Defendants' stores in California, which they otherwise would not have purchased.

48.     Defendants' acts and practices as described herein deceived Plaintiff and were highly likely to deceive reasonable members of the consuming public. Specifically, in deciding to purchase merchandise at Defendants' Stores, Plaintiff relied on Defendants' misleading and deceptive representations regarding their supposed original or regular prices. The original or regular prices placed by Defendants on the price tags of merchandise at Defendants' stores in California played a substantial role in Plaintiff's decisions to purchase those products, and Plaintiff would not have purchased those items in the absence of Defendants' misrepresentations. Plaintiff suffered monetary loss as a direct result of Defendants' unlawful practices described herein.

49.     As a result of the conduct described above, Defendants have been unjustly enriched at the expense of Plaintiff and all other respective California Class Members.

COMPLAINT

Specifically, Defendants have been unjustly enriched by obtaining revenues and profits that they would not otherwise have obtained absent their false, misleading or deceptive conduct.

50.     Through their fraudulent acts and practices, Defendants improperly obtained money from Plaintiff and all other respective Class Members. As such, Plaintiff requests that this Court cause Defendants to restore this money to Plaintiff and all Class Members, and to enjoin Defendants from continuing to violate the UCL as discussed herein or from violating the UCL in the future.  Otherwise, Plaintiff, the respective Class she seeks to represent, and members of the general public may be irreparably harmed or denied an effective and complete remedy if such an order is not granted.

## COUNT III
### *Unlawful Business Practices*
(California Business & Professions Code § 17200 *et seq.*)

51.     Plaintiff incorporates and realleges by reference each and every allegation above as if fully set forth herein.

52.     A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

53.     The Federal Trade Commission Act prohibits "unfair or deceptive acts or practices in or affecting commerce" and specifically prohibits false advertisements. (15 U.S.C. §45(a)(1) and 15 U.S.C. § 52(a)). The FTCA has established Guidelines which prohibit false pricing schemes, similar to Defendants' pricing scheme in material respects, as deceptive practices that would violate the FTCA quoted in paragraph 5.

54.     Cal. Civ. Code §1770(a)(13), prohibits a business from "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions."

55.     Defendants' use of and reference to materially misleading, deceptive, and/or false original, regular or compare at prices on the price tags of merchandise sold to consumers in Defendants' California stores violated and continues to violate the FTCA, 15 U.S.C. §45(a)(1) and 15 U.S.C. §52(a), as well as FTC Pricing Guides.  It also violated and continues to violate

11

Cal. Bus. & Prof. Code §§17200 and 17501, and Cal. Civ. Code §1770(a)(13), by, among other things, advertising false comparative prices that were, in fact, not the prevailing market prices at other retailers in the marketplace at the time of the publication.

56.    As a result of the conduct described above, Defendants have been unjustly enriched at the expense of Plaintiff and other Class Members. Specifically, Defendants have been unjustly enriched by obtaining revenues and profits that they would not otherwise have obtained absent their false, misleading and deceptive conduct.

57.    Through their unfair acts and practices, Defendants improperly obtained money from Plaintiff and all other respective Class Members. Plaintiff requests that this Court cause Defendants to restore this money to Plaintiff and all respective Class Members they seek to represent, and to enjoin Defendants from continuing to violate the UCL, or from violating the UCL in the future. Otherwise, Plaintiff, the Class she seeks to represent, and members of the general public may be irreparably harmed or denied an effective and complete remedy if such an order is not granted.

## COUNT IV
### *Violation of the California False Advertising Law,*
(California Business & Professions Code Sections 17500, *et seq.*)

58.    Plaintiff incorporates and realleges by reference each and every allegation above as if fully set forth herein.

59.    California False Advertising Law ("FAL") prohibits unfair, deceptive, untrue, or misleading advertising, including false statements as to worth, value and former price.

60.    The FAL makes it unlawful for a business to disseminate any statement which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading.

61.    Defendants' practice of disseminating allegedly original, regular or compare at prices associated with their merchandise, which were materially greater than the prices they were sold at or the true prevailing prices of those products, as alleged more fully herein, was an unfair, deceptive or misleading advertising practice because it gave the false impression that the

12

COMPLAINT

products sold by Defendants regularly or in a substantial amount sold at those prices or in the retail marketplace at substantially higher prices (and were, therefore, worth more) than they actually were.

62.     On each day throughout the Class Period, Defendants, with the intent to induce members of the public to purchase products offered at their respective California stores, made or caused to be made each of the untrue or misleading statements, claims, or representations described herein.

63.     On each day throughout the Class Period, Defendants, with the intent to induce members of the public to purchase products offered at their respective California stores, made or caused to be made untrue or misleading claims to consumers throughout California.

64.     Defendants knew, or by the exercise of reasonable care should have known, that these claims were untrue, deceptive, or misleading.

65.     When Defendants made or caused to be made the untrue or misleading claims, statements, or misrepresentations described herein to consumers in California, Defendants failed to adequately disclose the facts pleaded herein. Plaintiff requests that this Court cause Defendants to restore this money to Plaintiff and all other respective California Class Members, and to enjoin Defendants from continuing to violate the FAL, or from violating the FAL in the future.  Otherwise, Plaintiff, the California Class she seeks to represent, and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the members of the Class demand judgment against Defendants, Macy's Inc., Macy's West Stores, Inc. and Bloomingdale's Inc., as follows:

A.     An order certifying that this action may be maintained as a class action, that Plaintiff be appointed Class Representatives and Plaintiff's counsel be appointed Class Counsel;

B.     A judgment awarding Plaintiff and all members of the Class damages as alleged above incurred by Plaintiff and Class members as a result of Defendants' unlawful,

COMPLAINT

deceptive, unfair and fraudulent business and trade practices described herein;

      C.     A judgment awarding Plaintiff and all members of the Class restitution or other equitable relief, including, without limitation, disgorgement of all profits and unjust enrichment that Defendants obtained from Plaintiff and the Class as a result of their unlawful, unfair and fraudulent business practices described herein;

      D.     An order enjoining Defendants from continuing to violate the laws as described herein.

      E.     A judgment awarding Plaintiff the costs of suit, including reasonable attorneys' fees, and pre and post-judgment interest; and

      F.     Such other and further relief as may be deemed necessary or appropriate.

DATED: May 26, 2016                Respectfully submitted ,

                                    **GREEN & NOBLIN, P.C.**

                                    By:   */s/ Robert S. Green*
                                         Robert S. Green

                                    James Robert Noblin
                                    2200 Larkspur Landing Circle, Suite 101
                                    Larkspur, CA 94939
                                    Telephone:  (415) 477-6700
                                    Facsimile:  (415) 477-6710
                                    Email:  gnecf@classcounsel.com

                                    -and-

                                    Kenneth G. Gilman, Fla. Bar No. 340758
                                    **GILMAN LAW LLP**
                                    8951 Bonita Beach Rd, S.E., Suite 525
                                    Bonita Springs, FL 34135
                                    Telephone:  (239)221-8301
                                    Facsimile:  (239)790-5150
                                    Email:  kgilman@gilmanlawllp.com

                                    *Attorneys for Plaintiff Zohreh Farhang and the proposed class*

COMPLAINT